MELISSA L. CLOYES, APPELLANT, v. NORMAN S. CLOYES, · RESPONDENT.

*Check — no action thereon lies against the drawer when it is given as a present — a subsisting contract to marry is not a good consideration.*

This action was brought by the plaintiff to recover the amount of a check given by the defendant to her, on the day of their marriage, April 28, 1881. There was no consideration for the check, which was drawn in the ordinary form upon a bank in which the defendant had funds sufficient to meet it. The parties having subsequently separated, the plaintiff presented the check for payment, and upon the refusal of the bank to pay it brought this action against the defendant.

*Held*, that the action could not be maintained.

APPEAL from a judgment, entered upon a nonsuit.

The plaintiff and defendant intermarried April 28, 1881, but have since separated. On the day of their marriage, and before the ceremony, the defendant drew his check on a bank payable to his intended wife for $400, and placed it among, and exhibited it as one of, the gifts to the bride. The check was in the ordinary form and drawn upon a bank in which defendant had sufficient funds to pay it. The next morning the plaintiff delivered the check to the defendant for safe keeping. Within a few months domestic difficulties occurred; after which, and in September, 1881, the plaintiff took the check from defendant's vest pocket and presented it to the bank for payment, which was refused, because the defendant's account was not then good for that amount. August 14, 1882, this action was brought to recover the amount of the check. The plaintiff was nonsuited, and a judgment was entered dismissing the complaint, from which she appeals.

*Brown & Mitchell*, for the appellant.

*William Kernan*, for the respondent.

FOLLETT, J.:

In an action by the payee of a dishonored check against the drawer, it is presumed that the check was given upon a sufficient consideration. (*Conroy* v. *Warren*, 3 Johns. Cas., 259; 2 Dan.

HUN — VOL. XXXVI    19

Neg. Ins., §§ 1646, 1652.) Checks negotiable in form are in this respect subject to the rules applicable to negotiable paper. In an action by the payee against the maker of negotiable paper, a consideration is presumed, though the words "for value received" are not contained in the instrument. (*Kinsman* v. *Birdsall*, 2 E. D. Smith, 395; 1 Edw. Bills [3d ed.], § 202.) But this presumption is rebuttible, and in this case the presumption was so effectually overthrown that the existence of a consideration was not a question of fact for the jury.

The defendant testified that it was given without consideration, and the plaintiff did not dispute him. The evidence does not warrant the conclusion that the marriage was in consideration of the check, or that the check was given in consideration of the marriage. The plaintiff testified: "I saw the check that evening after the marriage; that was when I first saw it; I had no talk with my husband about it before the marriage; I didn't know anything about it; knew nothing about the check before the marriage; it was a surprise to me; I don't know who got it from the defendant."

A subsisting contract to marry is not a legal consideration for new contracts afterwards entered into between the parties, unless the new contract formed part of the consideration for the contract to marry. (*Raymond* v. *Sellick*, 10 Conn., 479, 483.) When the check was delivered the agreement to marry was a valid and subsisting contract.) The action cannot be maintained upon the theory that the check was a valid gift. The word "gift" signifies an actual transfer *in presenti* of property without consideration. The check did not transfer *in presenti* to the payee $400, or any part of the funds standing to the credit of the drawer upon the books of the drawee. (*Attorney-General* v. *The Continental Life Ins. Co.*, 71 N. Y., 325; *Coates* v. *First National Bank of Emporia*, 91 id., 20, 26; *Bank of the Republic* v. *Millard*, 10 Wall., 152.) No specific property was transferred by the defendant to the plaintiff. It was a naked promise. The check being without consideration, this action cannot be sustained. (*Harris* v. *Clark*, 3 N. Y., 93; *Raymond* v. *Sellick, supra; Jones* v. *Lock*, L. R., 1 Ch. App. Cas., 25; *Basket* v. *Hassell*, 107 U. S., 602, 612 and cases there cited; Byles on Bills [13th ed.], 126.) There is a broad distinction

between the gift of the check or obligation of a third person, and a gift of the donor's promise to pay. (Byles on Bills [13th ed.], 126.)

The judgment is affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.